The judgment of the court (King, J., absent,) was pronounced by
Eustis, C. J.
The petitioners, who are stockholders of the New Orleans and CariTolIton Rail Road Company, allege that Laurent Millaudon and others, who are made defendants, without having any right or authority, have usurped the office of directors of said company, and taken upon themselves the management and administration of the affairs of said company. On a writ of quo warranto being issued, the defendants claim their right as directors of said company by virtue of an election held under an act of the Legislature of the 9th of February, 1833.
*27 The district judge was of opinion, that the defendants were not legally constituted directors of said company by virtue of said election held under the said act of 1833; inasmuch as the provisions of that act concerning the election of directors had been repealed by the subsequent act of April the 1st, 1835, and gave judgment that they be prohibited from acting thenceforth as directors, and ordering a new election of directors. The defendants have appealed.
Under the act of 1833, which was the charter of the company for the purposes of a rail road, the number of directors was fixed at seven., each share having a vote. The act of 1835, which increased the capital of the company, and conferred on it extensive banking privileges, increased the number of directors to twelve, and changed the scale of voting by limiting the right of a stockholder to one hundred votes. In relation to the scale of voting and the number of directors we think the latter act repealed the former.
By the 11th section of the act of the 7th of March, 1842, it is provided that any bank which shall accept the act, to which this is a supplement, shall be permitted by a vote of its stockholders in all elections held after the passage of the act, to reduce the number of its directors to any number not less than eight.
At a meeting of the stockholders held on the 22d of August, 1842, the stockholders voted to reduce the number of directors to eight. The company having previously accepted the act to which the section just cited referred, to wit, the act to revive the charter of the several banks in the city of New Orleans, it follows that the number of directors established by the act of 1835 stands reduced to eight.
We concur with the district judge in the opinion, that the election for directors ought to have been held under the act of 1835, which affords the only authority to constitute a legal board, and that the election of seven directors as constituting the board of directors under -the act of 1833 was not authorized by law.
The question concerning the reduced number of directors does not appear to have been raised below, but an opinion is expressed at the request of both parties.
The objections taken by counsel to the right of the petitioners to maintain their present demand, we have considered. They are stockholders, having an interest in the proceedings of the corporation being legally conducted, their application does not appear to be vexatious or frivolous, and the present suit is rather in the interest, than to the detriment, of the corporation. It arrests further proceedings under the provisions of an act which long since have ceased to have any legal effect.
The judgment of the district court is therefore affirmed, with costs.